ALEJANDRO FERNÁNDEZ ET AL., Plaintiffs and Appellants, *v.* DR. HONORIO F. CARRASQUILLO, Defendant and Appellee.

No. 8700. Argued May 18, 1943.—Decided July 28, 1943.

407

*Luis Mercader* for appellants. *M. B. Carrasquillo* and *G. Rivera Cestero,* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

This is an appeal from a judgment entered on an order sustaining a demurrer to a suit praying for the annulment of a summary mortgage proceeding and for the damages resulting therefrom.

The mortgage in question was executed in 1925 to guarantee a loan to the plaintiffs-appellants. According to the complaint herein, the mortgage deed provided that the loan would be repaid "in biannual instalments, with an option to the debtors of renewal for two additional years, with a monthly interest rate of 1 per cent, payable for the said term and the delay until payment had been made; and that the debtors would pay any and all fees, including inscription and cancellation fees, and any and all tax assessments that might be levied upon the principal of the loan or its interest . . . ". The complaint also alleged that the mortgage deed provided that the mortgaged property would respond "for the principal of $2,000, interest of $200, and $200 for costs, expenses, and attorney's fees, in prejudice of third parties in case of litigation".

The said loan not having been paid, the mortgagee instituted summary foreclosure proceedings on June 12, 1931, according to the complaint herein, for "the $2,000 principal; interest of $152 from October 11, 1930; . . . plus all the in-

terest due until complete payment of the debt, and also $200 for costs and attorney's fees''. The various steps culminating in the public sale of the property pursuant to the foreclosure proceeding took place in 1931. The appellants allege that their complaint stated a cause of action, inasmuch as the summary proceeding improperly prayed for the $152 item of interest and the $200 to cover costs and attorney's fees.

It is difficult to understand the argument of counsel for the appellants on this point. He puts it as follows:

"Therefore, if the deed was made for two years (to expire in 1927) and it was therein agreed that the debtors would have a two-year extension of time (until 1929) and the mortgage only guaranteed the interest due for two years and the delay, but not the interest due for the time extension granted, it is evident that the defendant, in collecting $152 worth of interest and all interest due up to the time of full payment of the debt, was doing it in the summary proceedings and including the years constituting the time extension which were never expressly guaranteed by the mortgage."

But, since the mortgage was originally executed for a two-year period in 1925, the extension period of two years expired in 1929. Consequently, the question as to whether the mortgage guaranteed the interest from 1927 to 1929 is academic. This becomes clearly evident from the allegation that interest was claimed only from October 11, 1930. And, in any event, the point is a wholly frivolous one, as we are satisfied, from the allegations of the appellants' own complaint, that the mortgage guaranteed the interest for the life of the contract and any delay until full payment of the debt was effected. What has been quoted above from the complaint demonstrates in the same way that the mortgage was to cover stipulated attorney's fees should any litigation arise.

Appellants also make the point that the summary mortgage proceeding was invalid because of the failure to comply with the provisions of Act No. 81, Laws of Puerto

Rico, 1936, for a valuation of the property prior to the public auction. The facts herein are on all fours with *Heirs of Molina* v. *Sociedad Protectora de Niños,* 61 P.R.R. 801, where we held, under the circumstances of this case, adversely to the appellants' contention.

We are at a loss to understand how the appellants can complain of the action of the lower court in entering judgment on its order sustaining the demurrer to the complaint, allegedly without giving the appellants an opportunity to amend their complaint. The lower court took this action at the appellants' own request. After the order sustaining the demurrer was entered, the appellants, instead of moving for permission to amend, asked the district court to enter judgment on the order, presumably to pursue their remedy on appeal.

The judgment of the district court will be affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.